# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN KIRSCH,**

      **Plaintiff,**

      v.                                   Case No. 08-C-913

**RACINE COUNTY SHERIFF,**
**DEPUTY BILLINGS,**
**JOHN DOE, sued as Deputy Sheriff Lieutenant,**
**JOHN DOE, sued as Deputy Sheriff,**
**JANE DOES, sued as Deputy Sheriffs #2 and #3,**
**JANE DOES, sued as Nurses #1 and #2,**
**and JOHN DOES, sued as doctor,**

      **Defendants,**

## DECISION AND ORDER

Plaintiff, who is currently detained at the Florence County Jail, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 along with a motion for leave to proceed in forma pauperis. Before me is plaintiff's motion for temporary restraining order to prevent immediate physical injury.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. Id. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the

average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. Id.

An initial partial filing fee has not yet been assessed. However, plaintiff submitted $40.00 along with his complaint and in forma pauperis petition as partial payment of the filing fee. Under these circumstances and given the averments made in plaintiff's in forma pauperis petition, I will accept plaintiff's partial payment at this time and grant his motion for leave to proceed in forma pauperis. Instructions for collection of the remainder of the filing fee will be set forth in a subsequent order. I now turn to plaintiff's motion for temporary restraining order.

According to the complaint, while detained at the Racine County Jail, plaintiff was denied his prescribed methadone treatment pursuant to jail policy. Although no longer at the jail, plaintiff is currently scheduled to return there on November 13, 2008. (Docket #5.) Plaintiff has been prescribed methadone in the Wisconsin prison system since 2006 for his chronic pain disease, a serious medical condition due to severe spine and spinal cord injuries which are permanent with progressive deterioration. According to plaintiff, the withholding of his methadone will cause terrible physical pain, withdrawal symptoms, and serious risk of cardiac arrhythmia and heart attack. Plaintiff seeks a temporary restraining order requiring the Racine County Sheriff to provide his prescribed medical treatment whenever he is transferred to the Racine County Jail.

I find that plaintiff has alleged sufficient facts to show sufficient risk of irreparable injury if he is returned to the Racine County Jail. Defendants will be provided an opportunity to respond to plaintiff's motion stating why the temporary restraining order should not be granted. **Such response must be filed on or before November 5, 2008**. If defendants

do not timely respond, I will accept all plaintiff's facts as true in considering his motion for a temporary restraining order.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal <u>immediately</u> serve the named defendants with the complaint, plaintiff's motion for temporary restraining order (Docket #3) plaintiff's request to expedite the processing of TRO (Docket #5), and a copy of this Order.

**IT IS FURTHER ORDERED** that defendants respond to plaintiff's motion for temporary restraining order by **November 5, 2008**.

Dated at Milwaukee, Wisconsin, this 29 day of October, 2008.

/s_____
LYNN ADELMAN
District Judge