# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN KIRSCH,

      Plaintiff,

  v.                                                        Case No. 08-C-913

RACINE COUNTY SHERIFF,
DEPUTY BILLINGS,
JOHN DOE, Sued as Deputy Sheriff Lieutenant,
JOHN DOE, Sued as Deputy Sheriff,
JANE DOES, Sued as Deputy Sheriffs #2 and #3,
JANE DOES, Sued as Nurses #1 and #2
JOHN DOES, Sued as Doctor,

      Defendants,

## DECISION AND ORDER

On October 27, 2008, pro se plaintiff Kevin Kirsch, who is currently incarcerated at the Florence County Jail, filed the present action pursuant to 42 U.S.C. § 1983 against the Racine County Sheriff, Deputy Sheriff Billings, several other deputies (sued using fictitious names), and a doctor and several nurses who work at the Racine County Jail (also sued using fictitious names). Along with his complaint, plaintiff filed a motion for a temporary retraining order, in which he asks that I order defendants to administer his prescription pain medication to him while he is being detained at the Racine County Jail. In a previous order, I ordered defendants to file a response to plaintiff's motion, which they have done. Because defendants have responded to the motion and it is no longer a request for ex parte relief, I will convert the motion to one seeking a preliminary injunction. See 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2951, at 254-56

(2nd ed. 1995) (explaining that when opposing party actually receives notice of application for restraining order, motion essentially becomes one for preliminary injunction).

To obtain a preliminary injunction, the applicant must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest. Christian Legal Soc'y v. Walker, 453 F.3d 853, 859 (7th Cir. 2006). "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied. Id.; see Joelner v. Vill. of Wash. Park, 378 F.3d 613, 619 (7th Cir. 2004).

Plaintiff has filed a verified complaint containing the factual allegations that form the basis for his motion. Although defendants have responded to the motion, they have filed no affidavits or other evidentiary material that contradicts the allegations of the complaint, nor have they requested an evidentiary hearing. Thus, based on the present state of the record, I accept plaintiff's sworn allegations as true for purposes of his motion.

According to the complaint, plaintiff is currently a pretrial detainee confined in the Florence County Jail. Prior to September 30, 2008, he was incarcerated at Green Bay Correctional Institution ("GBCI"). However, criminal charges are pending against him in Racine County. In order to attend court proceedings in Racine, he is periodically sent to the Racine County Jail for temporary detention. Plaintiff's motion for preliminary relief arises out of the Racine County Jail's refusal to administer his prescription pain medication to him while

he is detained there.

Plaintiff alleges that he suffers from chronic pain disease, which resulted from spinal and other injuries. To manage the severe pain associated with this disease, doctors have prescribed various narcotics. In 2006, while he was incarcerated at GBCI, prison doctors determined that methadone would be the appropriate narcotic to administer to plaintiff while he was in prison.

On September 15, 2008, Racine County deputies transported plaintiff from GBCI to the Racine County Jail. Before he left, GBCI guards gave a package of plaintiff's prescription methadone to the Racine deputies. The guards confirmed that the package containing plaintiff's medication included information from plaintiff's physician regarding administration. The package stated that plaintiff was to receive methadone twice a day – once at 6 a.m. and again at 8 p.m. Upon arrival at the Racine County Jail, the deputies gave plaintiff's methadone to one of the defendants, Nurse Jane Doe #1. Plaintiff immediately requested that he receive his evening pill, and one of the deputies assured plaintiff that he would get his medication soon. Plaintiff was then placed in an intake cell but did not receive his medication. Throughout the evening, he asked the deputies who were making hourly rounds for his methadone, explaining his terrible pain level. Each deputy responded that the nurse knew all about it and would bring his medication soon.

At approximately 11:00 p.m. to 12:00 midnight, another defendant, Nurse Jane Doe #2 arrived and announced that she had plaintiff's "pain meds," at which time she placed two aspirin in plaintiff's hands. (Compl. ¶ 16.) After plaintiff described his need for his prescription medication, the nurse replied that plaintiff would not be receiving his methadone. The nurse stated that she spoke with the jail doctor, who said that "it is the

Racine County Sheriff's policy that such narcotics are not permitted in his jail, no exceptions." Id. Plaintiff responded that he had been on methadone for years for his chronic pain disease and that it was prescribed and sent by the prison because it was essential. The nurse replied, "it doesn't matter, under no circumstances will the Sheriff allow me to give you your methadone while your [sic] here." (Compl. ¶ 17.)

The next morning, one of the deputies, defendant Billings, brought plaintiff another aspirin. Plaintiff again requested his prescription pain medication. Defendant Billings told plaintiff that he would be transferred back to GBCI shortly, and that he would receive his medication then. When plaintiff pointed out that he would have to return to the Racine County Jail for future court proceedings, Deputy Billings stated that unless jail policy was modified before plaintiff returned, plaintiff would again be denied his pain medication.

Later that day, plaintiff was transferred back to GBCI, arriving at approximately 6:30 p.m. Once there, plaintiff told one of the guards that he had not been given any methadone while in Racine. The guard notified a nurse, who directed guards to give plaintiff methadone immediately. The nurse advised the guards to observe plaintiff because he could go into cardiac arrhythmia and suffer a heart attack from the interruption of his methadone treatment.

Plaintiff alleges that as a result of defendants' refusal to provide him with his medication, he suffered withdrawal symptoms, including "sweating, cold chills, shivering, stomach & other muscle cramping, nausea, itching, feeling feverish, headaches, feeling hot & cold at same time, intense feelings of physical & mental tension, racing heart beats, feelings of panic, claustrophobia, terrible aggravation mentally & physically." (Compl. ¶ 36.) He also alleges that he suffered increased physical pain associated with his chronic pain

disease, including "intense pain within his back spine, hips, sciatic nerve - back of thigh, calconeous, sharp pain in areas, dull deeply throbbing pain in other areas. stiffness in back muscles. Every movement of his limbs triggered further pain." (Compl. ¶ 37.)

Plaintiff is scheduled to be returned to the Racine County Jail in connection with court proceedings to be held on November 13, 2008. In order to prevent another round of unbearable pain and withdrawal symptoms, plaintiff requests an order directing defendants to provide him with his methadone while he is in the custody of the Racine County Sheriff.

In responding to plaintiff's motion, defendants assert that "[p]ursuant to policy and in compliance with federal law, healthcare personnel at the Racine County Jail do not prescribe, dispense or administer methadone, an opioid, to inmates for purposes of heroin withdrawal or maintenance." (Docket Entry #12.) They state that if an inmate has an existing valid prescription for methadone for chronic pain, the prescription will be honored subject to the jail physician exercising independent medical judgment. According to defendants, occasionally an inmate will be transferred to the jail with an existing prescription for methadone and the purpose for the medication cannot be immediately verified. In that case, pursuant to policy, methadone is not administered to the inmate until the purpose of the prescription can be determined and the jail physician exercises independent medical judgment to continue the prescription. The defendants state that "[b]ased on the medical records received to date, Plaintiff would receive his methadone prescription at the Racine County Jail if and when he returns for further hearings/proceedings, provided he has a valid prescription and there are no medical contraindications to his taking the medication." (Id.) However, defendants do not explain why plaintiff was denied methadone during his last stay

5

at the jail. They do not dispute that he had a valid prescription or that he needed it for pain management rather than heroin withdrawal.

Refusing to provide an inmate with prescription pain medication that is necessary to prevent extreme pain is a denial of rights secured by the Constitution. See Davis v. Carter, 452 F.3d 686 (7th Cir. 2006). Based on the present record, I conclude that plaintiff is likely to succeed on his claim that the Racine County Sheriff refuses to provide him with prescription methadone, even though he needs it to prevent severe chronic pain. Although defendants claim that they have no policy against dispensing methadone to prisoners when they need it for pain management, they do not explain why plaintiff was denied his mediation the last time he was there, nor have they done much to assure me that plaintiff will receive his medication the next time. As explained, defendants have submitted no affidavits or other evidence, and they have made only a vague statement that "[b]ased on the medical records received to date," plaintiff would receive his methadone "provided he has a valid prescription and there are no medical contraindications to his taking the medication." I am not entirely sure what this means, inasmuch as plaintiff had a valid prescription the last time around but still did not receive his medication. In any event, defendants do not identify any harm that would be caused by my granting a preliminary injunction, and thus to avoid the possibility that defendants will again deny plaintiff his pain medication, I will enter a preliminary injunction ordering the Racine County Sheriff to ensure that his agents dispense methadone to plaintiff in accordance with his prescription. I will add a qualification allowing the Sheriff to refuse to provide methadone to plaintiff if a physician reasonably determines that there are medical reasons for withholding such medication.

6

Finally, because defendants have identified no potential harm that might be caused by the preliminary injunction, I find that plaintiff need not give security pursuant to Fed. R. Civ. P. 65(c).

**THEREFORE, IT IS ORDERED** that plaintiff's motion for temporary restraining order is **GRANTED** to the extent that the following preliminary injunction is issued: the Racine County Sheriff is hereby ordered to ensure that his agents dispense methadone to plaintiff in accordance with his prescription while he is being detained in the Racine County Jail unless a physician reasonably determines that there are medical reasons for withholding such medication. The Racine County Sheriff shall provide actual notice of this injunction to all jail employees responsible for dispensing medication to detainees.

**IT IS FURTHER ORDERED** that a telephonic status conference will be held on **November 19, 2008, at 1:30 p.m.** to schedule further proceedings. The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 11th day of November, 2008.

/s _____
LYNN ADELMAN
District Judge