# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN KIRSCH,**

      **Plaintiff,**

     v.                                     Case No. 08-C-913

**JANE DOES, Sued as Nurses #1 and #2, and**
**JOHN DOES, Sued as Doctor,**

      **Defendants.**

## ORDER

The pro se plaintiff is proceeding in forma pauperis on a deliberate indifference to a serious medical need claim based on allegations that defendants withheld his prescribed methadone medication while he was detained at the Racine County Jail. Before the court is plaintiff's motion for extension of time to identify the Doe defendants and his amended motion for leave to proceed in forma pauperis.

On December 17, 2008, I ordered plaintiff to identify and inform the court of the names of the Doe defendants within forty-five days. In support of his motion for extension of time to identify the Doe defendants, filed April 8, 2008, plaintiff states that at the time of the court's December 17, 2008 order, he was consumed with defending himself against state criminal charges. According to plaintiff, the criminal charges required all of his time and he inadvertently failed to timely discover the identity of the Doe defendants. (Plaintiff asserts that these charges were successfully resolved on March 13, 2009, and that he was released from custody.) Thus, he seeks an extension of time to identify the Doe defendants and he simultaneously requests a subpoena from the Clerk's Office to assist him in the identification.

Defendants oppose plaintiff's motion for extension of time and request that this case be dismissed without prejudice. However, I find that at this stage of the proceedings, plaintiff has provided sufficient justification for an extension of time and there is no indication that an extension will prejudice the defendants. Accordingly, plaintiff's motion for extension of time will be granted. However, since plaintiff has apparently not yet even attempted to identify the Doe defendants, he may wish to first attempt to learn their identities by simply asking counsel for defendants. Plaintiff will be given an additional thirty days to determine the names of the defendants and inform the court.

Should it be necessary to serve a subpoena on the employer of the Does for the purpose of obtaining information needed to identify them, plaintiff may request that the Clerk of Court issue a subpoena to plaintiff pursuant to Federal Rule of Civil Procedure 45. Plaintiff must complete the subpoena, attach an exhibit that describes the type of information that plaintiff needs, and have it served on the defendants' employer. (The Marshals can assist with service, if necessary, but plaintiff is advised that they will charge for doing so.) The court expects counsel for the person served with any subpoena to cooperate with plaintiff's attempts to obtain the requested information. The court may impose sanctions against any party whose failure to cooperate results in unnecessary court supervision of discovery.

Plaintiff has also filed an amended motion for leave to proceed in forma pauperis. He states that he is no longer a prisoner and now resides as a private citizen in Wisconsin. However, plaintiff is already proceeding in forma pauperis in this action and there is no need to refile his in forma pauperis petition. Thus, his motion will be denied as moot.

2

Case 2:08-cv-00913-LA   Filed 05/27/09   Page 2 of 3   Document 33

**IT IS THEREFORE ORDERED** that plaintiff's motion for extension of time (Docket #28) is **GRANTED**. Plaintiff shall identify the names of the Doe defendants and inform the court within thirty days of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff's amended motion for leave to proceed in forma pauperis (Docket #30) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 27 day of May, 2009.

/s_____
LYNN ADELMAN
District Judge